UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22803-BLOOM/Elfenbein

BARRY E. MUKAMAL,

     Plaintiff,

v.

RAZIEL OFER, RAFAEL ROBERTO MENDEZ,
CASA FINANCIAL HOLDINGS, LLC, ZODIAC CAPITAL, LLC,
DREXEL FINANCIAL LLC, RONIEL RODRIGUEZ, IV,
AJAR HOLDINGS, LLC,

     Defendants,

_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record following the filing of Defendant Raziel Ofer's ("Ofer") First Amended Notice of Removal to District Court of the United States ("Notice"), ECF No. [5].[1] The Court has reviewed the Notice, the submissions, the record, and is otherwise fully advised. For the reasons that follow, this case is remanded to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

### I.   BACKGROUND

On May 23, 2022, 942 Penn RR, LLC ("942 Penn") filed its voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court, Southern District of Florida, Miami Division, Case No. 22-14038-LMI ("Bankruptcy Court"). ECF No. [5] at 4; ECF No. [1-2] at 5. Both Ofer and defendant Rafael Roberto Mendez ("Mendez") hold an equal 50% interest in the debtor 942 Penn and are Class 3 Equity Interest Holders under the Bankruptcy Plan and

---

[1] Filings from the State Court and Bankruptcy Court proceedings were filed with Ofer's first Notice of Removal, ECF No. [1]. Those documents are cited in this Order.

Confirmation Order. ECF No. [5] n. 4, 5. On January 18, 2023, Barry Mukamal ("Mukamal"), the United States Trustee appointed in this District and now Plan Administrator, filed his First Amended Plan of Liquidation, which was confirmed on March 28, 2023. ECF No. [5] at 4. On April 12, 2023, Mukamal closed the sale of the real property associated with 942 Penn, pursuant to an order from the Bankruptcy Court. ECF No. [5] at 4; ECF No. [1-2] at 5. Post sale, $800,000.00 in surplus funds were identified, which is the subject of the adverse claims at issue in this matter.

Mukamal was served by various judgment creditors of Ofer and Mendez, asserting that, as creditors, they are entitled to the funds ("Charging Order Defendants")[2]. ECF No. [1-2] at 6. Mukamal then filed the Interim Distribution Motion[3] on May 20, 2024, seeking to either distribute the surplus $800,000.00 to Ofer and Mendez evenly or to distribute the surplus funds to the Charging Order Defendants. ECF No. [5] at 6; ECF No. [1-2] at 7-8. With respect to Ofer, the Defendant seeking removal, if the Charging Orders are valid and enforceable, all $400,000.00 that would otherwise be distributed to him, will be distributed to the Charging Order Defendants. *Id.*; ECF No. [1-2] at 22-23.

By Order of the Bankruptcy Court ("Bankruptcy Order")[4], Mukamal filed a Complaint for Interpleader ("Interpleader Action") in the Circuit Court for the Eleventh Judicial Circuit in and

---

[2] The Charging Order Defendants are Casa Financial Holdings, LLC, Zodiac Capital, LLC, Drexel Financial, LLC, Roniel Rodriguez, P.A., and Ajar Holdings, LLC. ECF No [5] at 2-3.

[3] The Interim Distribution Motion was filed as "*Motion for Authority to Make Interim Distributions to Class 3 Equity Interests and/or Holders of Charging Orders Against Class 3 Equity Interests, and for Other Related Relief, Including Exculpation of Plan Administrator and His Professionals and Injunctive Relief in Connection with Same*" appearing at Document No. [1423] in the Bankruptcy proceeding. ECF No. [1-2] at 7.

[4] The Bankruptcy Order was filed as "*Order (I) Granting In Part Plan Administrator, Barry E. Mukamal's Motion For Authority To Make Interim Distribution To Class 3 Equity Interests and/or Holders Of Charging Orders Against Class 3 Equity Interests And For Other Related Relief, Including Exculpation Of Plan Administrator And His Professionals And Injunctive Relief In Connection With Same; And (II) Directing Plan Administrator To File Interpleader Complaint And Deposit Interim Distribution Funds Into Registry Of The Clerk Of The Circuit Court Of The Eleventh Judicial Circuit In And For Miami-Dade*

for Miami-Dade County, Complex Business Division on July 11, 2024, Case No. 2024-CA-12899-01. ECF No. [5] at 1; ECF No. [1-2] at 1. Mukamal also deposited the funds in the Registry of the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County as required by the Bankruptcy Order. ECF No. [1-2] at 4.

In his Notice, Ofer seeks to remove the Interpleader Action resolve these issues before this Court and asserts jurisdiction pursuant to 28 § U.S.C. §§ 1331 (federal question), 1332 (diversity), 1334 (bankruptcy), 1335(a)(1) (interpleader), 1441(a) (removal), and 1452(a) (removal related to bankruptcy). ECF No. [5] at 1.

## II.   LEGAL STANDARD

### A.  Subject Matter Jurisdiction

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA*, Inc. 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Regarding federal question jurisdiction, the district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331 (2012). To determine whether a cause of action "arises under" federal law for purposes of Section 1331, the district court applies the "well-pleaded complaint rule," which requires that the Court examine "what necessarily appears in the plaintiff's statement of his own claim[.]" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted). As such, "federal jurisdiction generally exists 'only when a federal question is presented on the face

---

*County Florida"* Document No. 1548, filed on June 24, 2024. ECF No. [1-2] at 11.

of the plaintiff's properly pleaded complaint.'" *Id*. at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted).  This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co*, 168 F.3d 405, 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. at 410.

**B.  Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

"[F]or diversity jurisdiction purposes. . . a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) "we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.") (citations omitted). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Id*. citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by [the defendant, the defendant] bears the burden of proving that federal jurisdiction exists.").

"To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]" *Id*. "But alleging citizenship 'on information and belief' is insufficient.'" *Diamond Resorts U.S. Collection Development, LLC v. Sumday Vacations*, LLC, 2019 WL 10375473, at * 1 (M.D. May 29, 2019).

Pleading jurisdiction based "upon information and belief ... does not qualify as a 'fact' establishing jurisdiction.... A party's citizenship must be asserted without qualification." *Dockery v. Hartford Ins. Co. of the Midwest*, Case No. 19-21904-Civ, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019). Allegations of citizenship "on information and belief" are insufficient because Rule 11 requires evidentiary support for this allegation. *Comprehensive Care Corp. v. Katzman*, No. 8:09-cv-1375-T-24-TBM, 2010 WL 2293248, at *3 (M.D. Fla. June 7, 2010)

## III.   DISCUSSION

### A.  Lack of Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332

In his Notice, Ofer alleges the citizenship of the Charging Defendants, upon "information and belief" as follows: Casa Financial Holdings is a Wyoming limited liability company whose members upon information and belief are domiciled in New York and Florida; Zodiac Capital, LLC is a Wyoming limited liability company whose members upon information and belief are domiciled in New York and Florida; Drexel Financial Holdings is a Wyoming limited liability company whose members upon information and belief are domiciled in New York and Florida; Ajar Holdings, LLC is a Wyoming limited liability company whose members upon information and belief are domiciled in New York and Florida. ECF No. [5] at 2-3. Separately, Ofer alleges Roniel Rodriguez, P.A. is a Florida professional association. *Id*. at 3. Ofer further alleges that each named LLC's is comprised of "members" but has not provided factual details as to the citizenship of each of the members. *Id*.

The party seeking removal to federal court has the burden of establishing the citizenship of the parties in the action. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). That burden requires providing the citizenship of all the members of the named LLC's. *Id*. The longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Id*. at

1021 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). For this reason, Ofer has failed to sufficiently plead the citizenship of the named LLCs.

Ofer does nothing more than assert the citizenship of each LLC based upon "information and belief." ECF No. [5] at 3. That basis is insufficient for pleading purposes. This Court has explained that "it is never appropriate to plead jurisdictional allegations upon information and belief[.]" *Admiral Ins. Co. v. VPrart, LLC*, Case No. 21-cv-21312-BLOOM/Otazo-Reyes, 2021 WL 1318223, at *1 n.1 (S.D. Fla. Apr. 7, 2021) (emphasis in original); *see also Dockery v. Hartford Ins. Co. of the Midwest*, Case No. 19-21904-Civ, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) (pleading jurisdiction based "upon information and belief ... does not qualify as a 'fact' establishing jurisdiction.... A party's citizenship must be asserted without qualification."). Allegations of citizenship "on information and belief" are insufficient because Rule 11 requires evidentiary support for this allegation. *Comprehensive Care Corp. v. Katzman*, No. 8:09-cv-1375-T-24-TBM, 2010 WL 2293248, at *3 (M.D. Fla. June 7, 2010).

Accordingly, due to this deficiency, this Court lacks diversity jurisdiction over this matter.

**B.  No Federal Question Exists**

Ofer seeks to invoke jurisdiction pursuant to 28 U.S.C. § 1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. Ofer fails to meet this threshold burden. The party attempting to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Tabraue v. Scottsdale Ins. Co*., Case No. 24-cv-20525, 2024 WL 1249965, at *2 (S.D. Fla. Mar. 25, 2024). In his Notice, Ofer fails to cite to any law, provision in the Constitution, or relevant treaty which confers § 1331 jurisdiction.  To determine whether a cause of action "arises under" federal law for purposes of Section 1331, the district court applies the "well-pleaded complaint

rule," which requires that the Court examine "what necessarily appears in the plaintiff's statement of his own claim[.]" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted). As such, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id*. at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt*, 298 U.S. at 182-183). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Accordingly, Ofer fails to establish that this Court has jurisdiction pursuant to § 1331. The Court proceeds to analyze the federal statutes that Ofer claims support jurisdiction.

### i. 28 U.S.C. § 1334 - Bankruptcy Cases and Proceedings

Ofer asserts jurisdiction exists pursuant to 28 U.S.C. § 1334 as "[t]he outcome of the litigation could have a conceivable effect in the estate being administered in bankruptcy." ECF No. [5] at 7. That is an insufficient basis to assert federal question jurisdiction. Section 1334 provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
> 28 U.S.C. § 1334(c)(1)

As an initial matter, § 1334 confers jurisdiction over "cases under title 11," yet that designation "refers merely to the original bankruptcy petition. An adversary proceeding is not one of the 'cases under Title 11' for purposes of § 1334(a)." *Hatcher v. Lloyd's of London*, No. 96-A-853-S, 204 B.R. 227, 230 (M.D. Ala. Jan. 2, 1997) (quoting *Dean v. American Gen. Fin., Inc.*, 191 B.R. 463, 467 (M.D.Ala.1996)). That is an independent reason why § 1334 is unavailable in this matter.

Nevertheless, "[i]f the court determines that there is jurisdiction, the court may (1) abstain from hearing the action which in effect sends the action back to its original court, (2) may remand the action directly to its original court or (3) retain the action." *In re Norrell*, No. 198 B.R. 987, (S.D. Fla. June 24, 1996). Moreover, a court may decide whether abstention is proper upon its own motion. *Id*. In *In re Norrell*, the court noted a twelve-point list of factors to help determine whether discretionary abstention was appropriate.[5] *Id*. at 996. The court observed that the case had already been pending in state court for eight months. As such, "the state court should be in a better position to insure the timely adjudication of the case than this Court, which would basically be forced to start trial preparation from scratch." *Id*. Given that issue, the court noted abstention would not impede progress of the litigation but "may facilitate the administration of the bankruptcy case." *Id*. The court *in In re Norrell* further observed an additional factor warranting abstention was the

---

[5] The factors enumerated in *In re Norrell* are repeated by various other courts and include: "(1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties." *See Hatcher v. Lloyd's of London*, No. 96-A-853-S, 204 B.R. 227 (M.D. Ala. Jan. 2, 1997).

lack of any other basis for jurisdiction other than 28 U.S.C. § 1334 in that case. *Id*. The factors

outlined in *In re Norrell* have been used by other courts. In *Hatcher v. Lloyd's of London*, 204

B.R. 227 (M.D. Ala. Jan. 2, 1997), the district court determined that, while it had jurisdiction over

claims in a civil case due to bankruptcy jurisdiction, the "discretionary abstention factors [] weigh

in favor of remand." *Id*. at 234.

Here, the bankruptcy proceedings underlying the Interpleader Action have been

adjudicated since 2022. Moreover, the Bankruptcy Order explicitly required Mukamal to

commence the Interpleader Action in the Eleventh Judicial Circuit in and for Miami-Dade County.

ECF No. [1-2] at 14. The Bankruptcy Court went further and ordered that "all third-parties,

including, but not limited to, Ofer and Mendez, are *PERMENTLY ENJOINED* from bringing any

claims or causes of action in any court in the United States of America against the Plan

Administrator and his professionals. . . in any way arising from or related to the relief authorized

by this Order including, but not limited to. . . the Plan Administrator: (a) commencing the

Interpleader Action[.]" *Id*. at 14-15 (emphasis in original). The Bankruptcy Order states:

> This Court retains sole and exclusive personal and subject matter jurisdiction over
> the parties and the subject matter of the Motion to: (a) enforce implement and
> interpret the terms and provisions of (i) the Motion, and (i) this Order; and (b)
> resolve any disputes, controversies or claims arising from, or relating to (i) the
> Motion, and (ii) this Order. *Id*.

Consequently, this Court abstains from hearing these proceedings for the reasons stated

above in accordance with § 1334, prevailing case law, and pursuant to the Order of the Bankruptcy

Court.

### ii.   28 U.S.C. § 1335(a)(1) - Interpleader

Ofer alleges jurisdiction is alternatively proper pursuant to 28 U.S.C. § 1335(a)(1), the

statute conferring jurisdiction with respect to interpleader. Section 1335 reads in pertinent part:

The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more if

(1) Two or more adverse claimants, *of diverse citizenship* as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property; and if

(2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court.

28 U.S.C. § 1335(a)(1)(2) (emphasis added).

This section does not provide jurisdiction over the Interpleader Action. Section 1335 requires that diversity jurisdiction pursuant to § 1332 already exist among the claimants. As discussed, Ofer has failed to establish diverse citizenship under section § 1332 and is a requirement of a § 1335(a)(1) interpleader action. *See also Alley, Maass, Rogers & Lindsay, P.A. v. Pretzel Limited and Pecunia Bus. Dev. Ltd.*, No. 23-CV-80664-AMC/BER, 2023 WL 7005091 (S.D. Fla. Oct. 5, 2023) *report and recommendation adopted*, 2023 WL 7003244 (S.D. Fla. Oct. 24, 2023). Accordingly, § 1335(a)(1) does not confer jurisdiction in this matter.

### iii.  28 U.S.C. § 1441 – Removal of Civil Actions and 28 U.S.C. § 1446

Ofer filed his Notice invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332, and federal question jurisdiction, generally. Jurisdiction pursuant to § 1331 or § 1332 must be satisfied for a defendant to properly remove a civil action from state court to federal court. *See also Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction."). This Court has already determined that diversity jurisdiction does not exist with respect to citizenship and no federal question has been sufficiently raised. Accordingly, removal is not proper. Ofer also attempted, in his Notice, to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1446. ECF [5]

at 1. However, § 1446 is not jurisdictional, as it merely provides the "procedure for removal of civil actions" and therefore is also unavailing.

### iv.  28 U.S.C. § 1452 – Removal of Claims Related to Bankruptcy

Ofer alleges that this action is removable under 28 U.S.C. § 1452(a) "as this action was interplead [sic] under a bankruptcy matter as a result of a [sic] action under 28 U.S.C. § 1334." ECF No. [5] at 2. This Court has already determined that it will abstain from hearing this action pursuant to § 1334, due to the plain language of the statute, factors established through prevailing case law, and pursuant to the Order of the Bankruptcy Court. Accordingly, removal based upon § 1452 is unavailing.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to the Circuit court for the Eleventh Judicial Circuit for Miami-Dade County, Florida.

2. The Clerk of the Court is directed to **REMAND** this case to the Eleventh Judicial Circuit in and for Miami-Dade County.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT,** and all deadlines are **TERMINATED**.

4. The Clerk is directed to **CLOSE** the case.

Case No. 24-cv-22803-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 23, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

        Raziel Ofer
        3701 Degarmo Lane
        Coconut Grove, FL 33133
        646-431-7934
        Email: raz.ofer2@gmail.com
        PRO SE